IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 20-038 (CFC) (CJB) |
| v. | ) |
| | ) |
| CAREDX, INC., | ) |
| | ) |
| Defendant. | ) |

## STIPULATION AND [PROPOSED] ORDER

WHEREAS, following and in light of the teleconference with Magistrate Judge Burke held February 27, 2023 and Magistrate Judge Burke's oral order of April 28, 2023 (D.I. 208); and

WHEREAS the parties have agreed to a one-week extension of the deadlines for service of expert reports that will not affect any other deadline in the case;

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, that the following deadlines shall apply in this action:

[**Natera Position**: As used below, one "Invalidity Argument" is an argument that (1) a single reference anticipates a claim, (2) a single reference renders a claim obvious, (3) a combination renders a claim obvious, or (4) an argument under section 112, e.g., a single ground of non-enablement (as interpreted at D.I. 208).][1]

---

[1] Natera's proposed definition is the same as it previously proposed, and to which the parties previously agreed. See D.I. 169 (Exhibit 7). See 2/27/2023 Hr'g Tr. at 5:7 (referencing proposal at "Exhibit 7 of the plaintiff's letter"), 10:13-14 (CareDx

[**CareDx Position:**  As used below, one "Invalidity Argument" is an argument that (1) a single reference anticipates one or more claims of a patent, (2) a single reference renders one or more claims of a patent obvious, (3) a combination renders one or more claims of a patent obvious, or (4) an argument under section 112, e.g., a single ground of non-enablement (as interpreted at D.I. 208).][2]

---

counsel expressing agreement with definition of "Invalidity Arguments" in Exhibit 7).  CareDx never previously disputed the definition of "Invalidity Arguments" insofar as it applies to 102/103 arguments.  CareDx raised a dispute only with respect to how to count an "Argument" under Section 112, which the Court resolved.  D.I. 208 (Oral Order).  The Court's Oral Order explained that if Defendant asserts a 112 argument "for a particular claim limitation," and Defendant "makes the same argument as to other claims that have that same limitation," then that argument "would count as one argument, even if it is made as to multiple different claims."  D.I. 208.  But that reasoning does not apply to the 102/103 context insofar as the asserted claims have *different* claim limitations.  The argument that "A + B renders obvious claim X" is necessarily a different argument than "A + B renders obvious claim Y," because claims X and Y contain different claim limitations.  CareDx's proposal to the contrary would do exactly what CareDx failed to do with respect to their 112 arguments – enable CareDx to assert a particular reference or combination against an unlimited number of claims, and have that reference or combination count as only a single "argument" against their limit.

[2] Natera's proposal seeks to limit CareDx to a single prior art argument per claim, and CareDx never agreed to Natera's proposed definition of "Invalidity Argument," as evidenced by the fact that it is inconsistent with the parties' most recent negotiations on narrowing, with this Court's April 24, 2023 order (D.I. 208), and with prior practice in this Court.  Natera is attempting to revive an old counter-proposal originally made on February 10, 2023 that has been subsequently abandoned. *See* February 10, 2023 Email from J. Nardinelli at 12:32pm (D.I. 169 at Exhibit 7).  More recently, and after the February 27, 2023 Hearing to discuss case narrowing, Natera proposed that CareDx would narrow its prior art arguments to 9 prior art defenses *per claim* (3 anticipation, 6 obviousness), which amounts to 162 prior art arguments across the 18 asserted claims.  *See* March 6, 2023 Email from J. Nardinelli at 4:30pm (D.I. 186-1).  Now, under Natera's proposal, and accounting for the narrowed set of Section 112 arguments that CareDx will select, Natera's proposed method of counting would prevent CareDx from asserting more than 1 prior art ground per claim.  And even if CareDx dropped all of its Section 112 arguments, which are important to CareDx's defense, Natera's proposed method of counting would prevent CareDx from asserting more than 2 prior art grounds per claim, because that would amount to 36 "Invalidity Arguments"—CareDx would not have enough remaining "Invalidity Arguments" to assert a third prior art ground

On March 17, 2023, Plaintiff Natera, Inc. ("Natera") reduced the number of asserted claims to no more than 18 across all patents, selected from then-asserted claims, and provided a list of those claims to Defendant CareDx, Inc. ("CareDx");

By no later than May 5, 2023, CareDx shall reduce its Final Invalidity Contentions to no more than 48 Invalidity Arguments across all patents, selected from its Final Invalidity Contentions, and shall provide to Natera an identification of those Invalidity Arguments;

---

against each of the 18 asserted claims.  Additionally, Natera's proposal is inconsistent with this Court's April 24, 2023 order (D.I. 208). Although the order only addressed the parties' dispute with respect to Section 112, Judge Burke said that "To the extent that Plaintiff proposes that the same argument … applied to multiple claims should count as separate arguments per claim … that proposal is REJECTED."  Similarly, where CareDx makes the same prior art argument (*e.g.*, the asserted claims of the 180 Patent are obvious over reference A), that argument applied to separate claims should not count as separate arguments per claim. Moreover, this Court regularly permits a defendant to assert more than 2 prior art arguments at a similar stage of the case.  *See, e.g.*, *VLSI Technology LLC v. Intel Corporation*, C.A. 18-966-CFC (D. Del. Apr. 22, 2019); *Cephalon v. Slayback*, No. 17-1154-CFC, Oral Hearing Tr. at 45:14-19 (D. Del. Mar. 12, 2019) ("All right. What I'm going to do is, by March 19th, plaintiff has to identify 25 claims, and within 15 days, defendants have to identify no more than 40 prior art references on which they can rely to prove their invalidity claims.").  As for Natera's cited support for the contention that CareDx allegedly agreed to its proposed definition of "Invalidity Arguments," a close inspection of the support does not show agreement. CareDx's counsel represented only that CareDx was okay with including Section 112 in the definition of "Invalidity Arguments" and that, with respect to defining prior art combinations, the parties were looking to "Judge Connolly's order in VLSI." February 27, 2023 Hr'g Tr. at 10:1-3.  That order, however, does not define prior art invalidity arguments in the way proposed by Natera.  Instead, it says that the plaintiff will identify "no more than 18 claims, [and] Defendant shall limit itself to … no more than 30 combinations of prior art references." *VLSI Technology LLC v. Intel Corporation*, C.A. 18-966-CFC (D. Del. Apr. 22, 2019).  In any event, CareDx will disclose its narrowed set of invalidity arguments on May 5, 2023 and will be well under the 48-argument limit as defined by CareDx's proposed definition of "Invalidity Arguments."

By no later than August 4, 2023, Natera shall reduce the number of asserted claims to 12 across all patents, selected from the prior 18 elected asserted claims, and shall provide a list of those claims to CareDx;

By no later than August 18, 2023, CareDx shall reduce the number of Invalidity Arguments to no more than 36 across all patents, selected from the previously elected 48 Invalidity Arguments, and shall provide to Natera an identification of those arguments.

Notwithstanding the foregoing, Natera may add asserted claims and CareDx may add Invalidity Arguments upon a showing of good cause. Both parties reserve the right to challenge the adequacy of disclosure of infringement and invalidity contentions. The parties also expect to further narrow the number of asserted claims and asserted Invalidity Arguments prior to trial.

The table below provides the dates listed and stipulated to above, in addition to the dates previously listed in the parties' February 23, 2023 Stipulation and Order. D.I. 179 (approved Feb. 23, 2023).

| Event | Date |
| --- | --- |
| Natera reduces to 18 asserted claims | 3/17/2023 |
| CareDx reduces to 48 Invalidity Arguments | 5/5/2023 |
| Opening expert reports | 5/12/2023 |

| Responsive expert Reports | 6/9/2023 |
|---|---|
| Reply expert reports | 6/30/2023 |
| Expert deposition deadline | 7/21/2023 |
| Natera reduces to 12 asserted claims | 8/4/2023 |
| Summary judgment and *Daubert* motions and opening briefs | 8/11/2023 |
| CareDx reduces to 36 Invalidity Arguments | 8/18/2023 |

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com
  *Attorneys for Plaintiff Natera, Inc.*

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com
  *Attorneys for Defendant
  CareDx, Inc.*

May 5, 2023

        SO ORDERED this ___ day of _____ 2023.

                                        United States Magistrate Judge