IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 20-38 (CFC) (CJB) |
| | ) | |
| v. | ) | (CONSOLIDATED) |
| | ) | |
| CAREDX, INC., | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

**CAREDX, INC.'S RESPONSE IN OPPOSITION TO NATERA'S MOTION TO STRIKE
CERTAIN INVALIDITY OPINIONS OF DR. BRIAN VAN NESS**

Dated: August 25, 2023

OF COUNSEL:

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
edward.reines@weil.com
derek.walter@weil.com

W. Sutton Ansley (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000
sutton.ansley@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant CareDx, Inc.*

Dear Judge Burke,

The Court should deny Natera's motion to strike portions of the Opening Expert Report of Dr. Van Ness (D.I. 234, 235). Natera's motion contends that Dr. Van Ness's report relies on 10 purportedly undisclosed prior art references ("the challenged references"). It does not. As detailed below, the challenged references were all disclosed in CareDx's invalidity contentions. In addition, the references provide relevant background about the technology and state of the art at the time of the purported invention of the '180 Patent. Courts in this district have repeatedly allowed experts to rely on such references. Likewise, the Federal Circuit has held that references cited as "evidence of the background understanding of skilled artisans" need not be the same "pieces of prior art defining a combination for obviousness" because such "[a]rt can legitimately serve to document the knowledge that skilled artisans would bring to bear in reading the prior art identified . . . ." *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1365 (Fed. Cir. 2015) (citing *Randall Mfg. v. Rea*, 733 F.3d 1355, 1362–63 (Fed. Cir. 2013)). Natera's motion essentially argues that experts cannot rely on references other than the prior art forming the basis of an obviousness combination. Natera is wrong.

Moreover, there is no prejudice to Natera. Natera has known about the challenged references since January. Natera's expert discussed the references in his own expert report. And Natera had the opportunity to depose Dr. Van Ness about the references.

## I. CareDx timely and properly disclosed the references cited in its expert report and did not violate the Court's case narrowing order

Natera contends that the challenged references "were not disclosed…in CareDx's initial, final, or supplemental final invalidity contentions." *See* D.I. 235 at 1. This is simply untrue. All the references in Dr. Van Ness's report were timely disclosed in CareDx's invalidity contentions. In accordance with the Scheduling Order (D.I. 48), CareDx served its final invalidity contentions on Jan. 27, 2023. The contentions specifically identified all 10 challenged references. *See* Ex. 1 Table 1 (Ex. No. 6 (identifying Gerdes); Ex. 7 (identifying Varley); Ex. No. 10 (identifying Chen); Ex. No. 11 (identifying Shoemaker); Ex. No. 66 (identifying Casbon); No.100 (identifying U.S. 2004/0126760 "Broude 4"); Ex. No. 119 (identifying U.S. Patent No. 4,683,195 ("Mullis"));); *see also, id*. at 25 (describing Shoemaker); 26 (describing Fluidigm); 29 (describing Gerdes); 30 (describing Chen and Varley); 31 (describing Lyamichev and Ghosh); 35-38(discussing Lyamichev, Fluidigm, Chen, Gerdes, Varley, Ghosh and Shoemaker, in relation to the '180 Patent). Two months later, CareDx supplemented its contentions, again disclosing every single one of the challenged references. *See* Ex. 2 at Table 1 (Exs. 6, 7, 10, 11, 66, 100, 119), *id.*, at 27-28, 32-34, 38-41.

Furthermore, CareDx did not violate that Court's case-narrowing order (D.I. 219). As discussed below, the challenged references are not the basis of any obviousness combination. Rather, they show the knowledge of a skilled artisan at the time of the purported invention. As such, they are not listed in CareDx's identification of its invalidity arguments. (D.I. 217-1). Natera's motion relies on entirely inapposite cases, where a party sought to rely on previously undisclosed references in violation of a court order. *See, e.g.*, *Chervon(HK) Ltd. v. One World Tech., Inc.*, 2023 WL 2372938 at *2 (D. Del. Mar. 6, 2023, at *2-3 (striking new invalidity grounds because "Chervon was not on notice which prior art combinations Defendants plan to assert.");

1

*Pharmacyclics LLC et al v. Fresenius Kabi USA, LLC*, 1-18-cv-00192-CFC-CJB, D.I. 465 (D. Del. Aug. 28, 2020); *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, Case No. 18-462-MN, 2019 WL 10248462, *2 (D. Del. Apr. 18, 2019) (precluding reliance on "prior art that was not cited in [Defendant's] invalidity contentions…"). That is simply not the case here.

## II. The references provide background information and inform the state of the art

Natera misleadingly asserts that Dr. Van Ness relies on the challenged references "to disclose claim elements missing from [] other references." D.I. 235 at 2. Not so. An examination of Dr. Van Ness's invalidity report and his reply report, clearly shows that what Natera characterizes as "new" references are actually appropriate background art that illustrate the state of the art, and the skilled artisans' knowledge as mandated by Supreme Court and Federal Circuit case law. *See, e.g., Graham v. John Deere Co. of Kan. City*, 86 S. Ct. 684, 383 U.S. 1, 17 (1966); *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727, 550 U.S. 398, 401 (2007); *see also Randall Mfg.*, 733 F.3d 1355, 1362-63 ("as KSR established, the knowledge of such an artisan is part of the store of public knowledge that must be consulted when considering whether a claimed invention would have been obvious") (emphasis added), *Dow Jones & Co. v. Ablaise, Ltd.*, 606 F.3d 1338, 1349 (Fed. Cir. 2010) (the obviousness "analysis requires an assessment of the ... background knowledge possessed by a person having ordinary skill in the art.") (emphasis added).

Indeed, in the paragraphs that Natera requests be stricken from Dr. Van Ness's report, he clearly indicates that the challenged references provide exemplary support for his description of the skilled artisans' knowledge in 2010. Dr. Van Ness does not use any of the references to independently disclose any claim limitations. *See, e.g.,* Ex. 3 at 908-16 (Various sentences beginning with "as yet another example" to illustrate that the cited references were all discussing a POSITA's general knowledge of multiplex PCR); ¶ 932 ( ▓ ); ¶ 988 (citing Ghosh and Casbon as examples to explain that ▓

Similarly, in his reply report, Dr. Van Ness notes that the challenged references establish the knowledge of a skilled artisan—nothing more. *See, e.g.,* Ex. 4 ¶ 311 (" ▓ "); ¶ 312 ▓ ; ¶ 313 ▓ ; ¶ 355(" ▓ ")

It is well established that experts may cite to materials other than the prior art to discuss the background of the technology and the state of the art, and to provide context for what a POSITA would have understood at the time of the alleged invention. Indeed, "courts have frequently declined to strike undisclosed references (let alone disclosed references) from expert reports, when

those references are used only as 'background' material." *British Telecoms. PLC v. IAC/InterActiveCorp*, 2020 WL 3047989, at *6 (D. Del. June 8, 2020) (collecting cases); *see also TQ Delta, LLC v. ADTRAN, Inc.*, 2019 WL 4346530, at *3 (D. Del. Sept. 12, 2019) ("TQ Delta has not been prejudiced by the disclosures of new references and products where [ADTRAN's expert] uses them as background for his invalidity theory.").

Moreover, Natera fails to identify a single paragraph in Dr. Van Ness's report that relies on any of the challenged references to independently invalidate any claims. Natera only points to paragraphs where Dr. Van Ness relies upon the knowledge of a POSITA, which is perfectly acceptable. *See Koninklijke Philips N. V. v. Google LLC*, 948 F.3d 1330, 1337 (Fed. Cir. 2020). Without a single example of Dr. Van Ness using any challenged reference for anticipation or obviousness, Dr. Van Ness's background materials should not be precluded from trial.

The challenged references set forth appropriate background knowledge that is necessary for the jury to arrive at a properly-informed obviousness verdict. None of these references are relied on to teach any new limitations not otherwise found in the other references, and Natera's argument overstates how Dr. Van Ness uses the background art.

### III. Natera's reliance on the *Pennypack* factors and related case law is unavailing

Natera also asks the Court to consider the *Pennypack* factors. D.I. 235 at 2. Setting aside the fact that CareDx properly—and timely—disclosed the challenged references (*see supra* at I), none of the *Pennypack* factors favor exclusion of the challenged references or granting Natera's motion.

Natera has suffered no prejudice or surprise here. As discussed above, the challenged references were disclosed in CareDx's invalidity contentions. *See* Exs. 1 and 2.

Even if there was some prejudice to Natera (there is none), it was entirely curable and fully within Natera's control. The challenged references were included in CareDx's expert report, which Natera has had in its possession since at least May 12, 2023. What is more, Natera's expert addressed each reference in his rebuttal report. *See* Ex. 5 ¶ 429 (discussing Broude); ¶ 430-432 (discussing Varley); ¶ 433 (discussing Mullis); ¶¶ 434-435 (discussing Lyamichev), ¶¶ 436-438 (discussing Fluidigm); ¶ 439 (discussing Shoemaker); ¶¶ 440-442 (discussing Chen); ¶¶ 443-45(discussing Gerdes); ¶ 463 (discussing Ghosh); ¶¶ 464-465 (discussing Casbon); ¶ 367 (discussing Ghosh and Casbon); ¶ 466 (discussing Ghosh and Casbon). And Natera's counsel had the opportunity to depose Dr. Van Ness. At any of these inflexion points, Natera could have raised these belated concerns.

Natera's decision to wait till now—more than three months after the fact—to object, belies any prejudice it purports to suffer. *See, e.g.*, *Jennings by & through Jennings v. Wolf*, No. 3:20-CV-148, 2022 WL 16640456, at *3 (M.D. Pa. Nov. 2, 2022) (finding exclusion of defendant's expert report and testimony not appropriate when the plaintiffs had months to respond, and "their own rebuttal of that report ... largely addressed any perceived prejudice that they may have otherwise suffered."); *TQ Delta, LLC*, 2019 WL 4346530, at *3 ("To the extent that [Plaintiff] has suffered any prejudice from the inclusion of the new references for background, it has been able to depose [defendant's expert] on his opinions and has its own expert to respond to these theories"

(emphasis added)); *Abbott Labs. v. Lupin Ltd.*, No. No. 09-152-LPS, 2011 WL 1897322, at *5 (D. Del. May 19, 2011) (prejudice addressed by three months for plaintiff to respond and provide rebuttal report). Natera does not identify any legally cognizable prejudice—nor can it—resulting from Dr. Van Ness's reliance on these references.

Recognizing the weakness of its argument, Natera contends that including these background references would "disrupt the orderly progression of litigation to trial." D.I. 235 at 2. Wrong. Natera has been on notice about these references since at least January 27, 2023 (when CareDx served its final invalidity contentions), and has had months to depose Dr. Van Ness, and have its expert address the references. There will be no disruption whatsoever to the case schedule. Any purported disruption or delay in the case has been manufactured by Natera's decision to wait for three months to raise these belated arguments.

Natera's cited case law is entirely distinct. For example, in *Intellectual Ventures I, LLC v. Ricoh Americas Corp., C.A*. 13-474-SLR (D. Del. June 22, 2016), the Court was unaware of how many references were being used to establish background knowledge, and the plaintiff argued that there was a risk of jury confusion. *Ricoh*, Tr. at 10-11. Here, there are only ten challenged references. And there is no risk of jury confusion. Natera's reliance on *Volterra Semiconductor Corp. v. Primarion, Inc.*, 796 F. Supp. 2d 1025, 1040 (N.D. Cal. 2011); *Pactiv Corp. v. Multisorb Techs., Inc.*, 2013 WL 2384249, at *2 (N.D. Ill. May 29, 2013) and *Emcore Corp. v. Optium Corp.*, 2009 WL 3381800, at *2 (W.D. Pa. Oct. 16, 2009), is similarly misplaced. All of these cases involved previously undisclosed prior art references. *See, e.g.*, *Volterra*, 796 F. Supp. 2d at 1043 (striking expert opinions that extend beyond invalidity contentions because the patent holder was "deprived of the notice to which it was entitled under the patent local rules that [the accused infringers] intended to rely on this prior art to show invalidity."). Dr. Van Ness should not be precluded from discussing materials on the background of the technology, the state of the art, or what a POSITA would have known at the time of the alleged inventions.

As explained above, CareDx disclosed the challenged references in its invalidity contentions. As *Pennypack* itself found, "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977), *rev'd on other grounds*, *Goodman v. Lukens Steel Co.*, 777 F.2d. 113 (3d Cir. 1985). No such facts exist here.

For the foregoing reasons, CareDx requests that the Court deny Natera's motion to strike portions of Dr. Van Ness's opening report on invalidity.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)