IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 20-38-CFC-CJB<br>CONSOLIDATED |
| CAREDX, INC., | |
| Defendant. | |

## MEMORANDUM ORDER

Pending before me is Natera's Motion for Summary Judgment #1 of Infringement of the #724 and #544 Patents by Defendant's Accused Products. D.I. 246. In Natera's Concise Statement of Undisputed Material Facts filed in Support of Natera's motion, Natera states that the accused AlloSure and AlloSeq tests perform all elements of the #724 patent claims, including "determining the most likely genetic data for DNA from the first individual . . . ." D.I. 248 at 1, 3–4. In support of this statement of fact, Natera relies on the Opening Expert Report of Professor John Quackenbush, Ph.D, in which Dr. Quackenbush states that "AlloSure estimates the percentage of (donor-derived) cfDNA. This estimate assumes that at each SNP classified as recipient homozygous, most likely the [alternate] alleles are coming from the donor, i.e., the claimed first individual."

D.I. 263-24 ¶ 206 (quotations and citations omitted). CareDx denies this asserted fact and cites record evidence that appears on its face to contradict Dr. Quackenbush's expert report. *See* D.I. 318 at 2 ("The Accused Products do not determine genetic data for DNA from a 'first individual' i.e., an organ donor."). In support of this counterstatement of fact, CareDx relies on the Declaration of Robert Woodward, in which Woodward states that "[i]n AlloSure and AlloSeq cfDNA, however, there is never any attempt to check if the donor genotypes actually match the expected distribution, *because the genetic data for the donor is simply never estimated*." D.I. 318-2 ¶ 16 (emphasis added).

Because there is a disputed fact that Natera has said is material to its motion for summary judgment, I will deny the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that summary judgment will not lie if there is a genuine dispute about a material fact).

WHEREFORE, at Wilmington on this Eleventh day of December in 2023, Natera's Motion for Summary Judgment #1 of Infringement of the #724 and #544 Patents by Defendant's Accused Products (D.I. 246) is DENIED.

                                              *[signature]*
                                              CHIEF JUDGE