IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-038 (CFC) (CJB) |
| | ) | (CONSOLIDATED) |
| CAREDX, INC., | ) | |
| | ) | ▮▮▮▮▮▮▮▮▮▮ |
| Defendant. | ) | REDACTED - PUBLIC VERSION |

**REVISED JOINT [PROPOSED] FINAL PRETRIAL ORDER**
**(VOLUME 1 OF 2, EXHIBITS 1-14)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

FARNAN LLP
Brian E. Farnan
Michael J. Farnan
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Edward.Reines@weil.com
Derek.Walter@weil.com

Andrew M. Holmes
Jeff Nardinelli
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra L. Haberny, Ph.D.
Sarah M. Cork, Ph.D.
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Bianca Fox
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Abigail E. Clark
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880

*Attorneys for Plaintiff Natera, Inc.*

January 9, 2024

W. Sutton Ansley (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000
sutton.ansley@weil.com

*Attorneys for Defendant CareDx, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-038 (CFC) (CJB) |
| | ) | (CONSOLIDATED) |
| CAREDX, INC., | ) | |
| | ) | **FILED UNDER SEAL** |
| Defendant. | ) | |

## REVISED JOINT [PROPOSED] FINAL PRETRIAL ORDER

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

FARNAN LLP
Brian E. Farnan
Michael J. Farnan
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

Edward R. Reines
Derek C. Walter
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Edward.Reines@weil.com
Derek.Walter@weil.com

Andrew M. Holmes
Jeff Nardinelli
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra L. Haberny, Ph.D.
Sarah M. Cork, Ph.D.
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Bianca Fox
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Abigail E. Clark
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880

*Attorneys for Plaintiff Natera, Inc.*

January 9, 2024

W. Sutton Ansley (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000
sutton.ansley@weil.com

*Attorneys for Defendant CareDx, Inc.*

# TABLE OF CONTENTS

**Page**

I.    NATURE OF THE ACTION AND PLEADINGS ........................................3

    A.    The Parties ..........................................................................................3

    B.    Nature of the Action ...........................................................................4

    C.    Pending Motions ...............................................................................10

    D.    Other Relevant Motions and Orders .................................................11

II.    JURISDICTION .............................................................................................12

III.    FACTS ...........................................................................................................12

    A.    Uncontested Facts .............................................................................12

    B.    Contested Facts .................................................................................13

IV.    ISSUES OF LAW ..........................................................................................13

V.    BRIEF STATEMENT OF INTENDED PROOFS ..........................................14

VI.    WITNESSES ..................................................................................................14

    A.    Witness Lists .....................................................................................14

    B.    Testimony by Deposition ..................................................................16

VII.    EXHIBITS .....................................................................................................20

    A.    Trial Exhibits ....................................................................................20

    B.    Demonstrative Exhibits ....................................................................22

VIII.    TRIAL DISCLOSURE SCHEDULE ..............................................................24

    A.    Witnesses, Testimony by Deposition, and Exhibits ...........................24

    B.    Trial Exhibits and Demonstratives for Opening Statements ..............28

IX.    AMENDMENT OF THE PLEADINGS ..........................................................28

X.    DISCOVERY .................................................................................................28

XI.    MOTIONS *IN LIMINE* ..................................................................................29

XII.    LENGTH OF TRIAL AND ORDER OF PRESENTATION .......................30

XIII.    ADDITIONAL MATTERS ............................................................................31

    A.    Sequestration of Witnesses ...............................................................31

    B.    Jury Notes .........................................................................................31

C. Handling of Confidential Information at Trial ................................... 32

D. Federal Judicial Center Introduction to Patent System Video ............ 32

XIV. OTHER MATTERS ........................................................................... 32

XV. SETTLEMENT .................................................................................. 33

On Thursday, January 11, 2024, counsel for Plaintiff Natera, Inc. ("Natera")

and counsel for Defendant CareDx, Inc. ("CareDx") will participate in a Pretrial

Conference before this Court pursuant to Rule 16 of the Federal Rules of Civil

Procedure, D. Del. L.R. 16.3 and the Court's Oral Order Resetting Scheduling Order

Deadlines issued on September 21, 2023. Pursuant to D. Del. L.R. 16.3(c), the

parties hereby submit for the Court's approval this Joint Final Pretrial Order

("Pretrial Order") governing trial of the action, which is currently scheduled to

commence on Monday, January 22, 2024.

**Natera's Counsel:**

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000

Andrew M. Holmes
Jeff Nardinelli
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra L. Haberny, Ph.D.
Sarah M. Cork, Ph.D.
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Bianca Fox
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Abigail E. Clark
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880


**CareDx's Counsel:**

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

Edward R. Reines
Derek C. Walter
Nate Ngerebara
Concord Cheung
August Melcher
WEIL, GOTSHAL & MANGES, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Edward.Reines@weil.com
Derek.Walter@weil.com
Nate.Ngerebara@weil.com
Concord.Cheung@weil.com
August.Melcher@weil.com
W. Sutton Ansley
2001 M. Street NW, Suite 600
Washington, DC 20036
sutton.ansley@weil.com

# I.    NATURE OF THE ACTION AND PLEADINGS

## A.    The Parties

1.    Plaintiff Natera, Inc. ("Natera") is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 13011 McCallen Pass Building A, Austin, Texas 78753.

2.    Defendant CareDx, Inc. ("CareDx") is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at 8000 Marina Blvd, Brisbane, California 94005.

3.    Natera is the owner of U.S. Patent Nos. 11,111,544 ("the '544 Patent") and 10,655,180 ("the '180 Patent") (collectively, the "Asserted Patents").

**B.     Nature of the Action**

4.      On January 13, 2020, Natera initiated suit against CareDx alleging infringement of U.S. Patent No. 10,526,658 ("the '658 patent") in Case No. 20-cv-038 (D. Del.).  On March 25, 2020, Natera filed an Amended Complaint alleging infringement of U.S. Patent Nos. 10,526,658 and 10,597,724.  On May 17, 2022, a joint stipulation to dismiss the '658 patent was granted.

5.      On April 8, 2020, CareDx filed its Answer to Natera's Amended Complaint, denying infringement of the Asserted Patents, and asserting defenses, including that the asserted patent claims are invalid.

6.      On May 13, 2022, Natera filed suit against CareDx alleging infringement of the '180 Patent in Case No. 22-cv-641 (D. Del.).  The same day, Natera filed suit against CareDx alleging infringement of the '544 Patent in Case No. 22-cv-642 (D. Del.).

7.      On June 15, 2022, case numbers 20-cv-038, 22-cv-641, and 22-cv-642 were consolidated.

8.      On September 20, 2022, CareDx filed its Answer to Natera's Complaints for the '544 and '180 Patents.

9.      On January 3, 2023, Natera filed its Second Amended Complaint for the '724 Patent and its First Amended Complaints for the '544 and '180 Patents. D.I. 118-120.  On January 26, 2023, CareDx filed its Answer and Counterclaims to all

three of Natera's Amended Complaints, denying infringement of the Asserted Patents, and asserting defenses, including that the asserted patent claims are invalid. D.I. 146-148.

10.    On August 11, 2023, the parties filed the following motions for summary judgment and to exclude testimony under *Daubert*:

a.    Natera's Motion No. 1:  First Motion for Summary Judgment Regarding Infringement of U.S. Patent Nos. 10,597,724 and 11,111,544 (D.I. 247) (Denied, D.I. 401);

b.    Natera's Motion No. 2:  Second Motion for Summary Judgment Regarding Infringement of U.S. Patent No. 10,655,180 (D.I. 253) (Denied, D.I. 404);

c.    Natera's Motion No. 3:  Motion to Exclude Under *Daubert* (D.I. 258);

d.    CareDx's Motion No. 1:  Motion #1 for Summary Judgment that Natera's Patents Claim Ineligible Subject Matter (D.I. 250) (Granted-in-part as to the asserted '724 Patent, D.I. 402, 403);

e.    CareDx's Motion No. 2:  Motion #2 for Summary Judgment that Natera's '180 Patent is Invalid for Lack of Written Description (D.I. 261);

f.    CareDx's Motion No. 3:  Motion #3 for Summary Judgment that the '724 and '544 Patents Are Invalid for Lack of Written Description (D.I. 238);

g.    CareDx's Motion No. 4:  Motion #4 for Summary Judgment that Natera's '724 and '544 Patents Are Not Entitled to the Benefit of the '882 and '610 Provisionals (D.I. 241);

5

h. CareDx's Motion No. 5:  Motion for Summary Judgment #5 of No Ongoing Infringement (D.I. 256);

i. CareDx's Motion No. 6:  Motion to Exclude Opinions of Natera's Damages Expert (D.I. 244).

11.    On August 4, 2023, and further revised as of the Court's Order granting CareDx's motion insofar as it seeks summary judgment of invalidity of the '724 Patent under Section 101, Natera identifies the following claims it may assert at trial:

a. '544 Patent: claims 21, 26, 27

b. '180 Patent: claims 14, 15

12.    On August 18, 2023, and further revised as of the Court's Order granting CareDx's motion insofar as it seeks summary judgment of invalidity of the '724 Patent under Section 101, CareDx identifies the following invalidity combinations it may seek to assert at trial:

'544 Patent Claims 21, 26, 27:

- Dhallan + Leamon
- Quake

'180 Patent Claims 14, 15:

- Quake + Dhallan 2007

13.    To be resolved in the jury trial are Natera's claims of infringement of the asserted claims of the Asserted Patents and CareDx's defenses to such claims, as

well the amount of damages if infringement is found and whether CareDx's infringement was willful.

### 1.   **Patent Infringement**

14.     Natera alleges that CareDx directly infringes the asserted claims of the Asserted Patents by selling and/or offering to sell the Accused Products.  CareDx offers the "Accused Products," namely AlloSure and AlloSeq cell-free DNA tests. Natera contends that CareDx's infringement of the Asserted Patents has been and continues to be willful.

15.     Natera seeks ██████████████████ in lost profits and reasonable royalty damages for CareDx's infringement. █████████████████████ ███████████████████████████████████ Natera also seeks pre- and post-judgment interest in an amount to be determined.

16.     In addition, Natera seeks:

   a.     enhanced damages under 35 U.S.C. § 284 for CareDx's willful infringement;

   b.     an award of attorneys' fees under 35 U.S.C. § 285;

   c.     an award of costs and expenses in this action;

   d.     an award of prejudgment and post-judgment interest; and

   e.     any other relief as this Court deems just and proper.

17. Natera also intends to seek ongoing royalties for CareDx's ongoing infringement and, additionally or in the alternative, an order enjoining CareDx from future infringement.

18. CareDx denies Natera's allegations of infringement, and Natera's allegations that CareDx's infringement was willful.

19. CareDx also contends that the Asserted Claims are invalid.

20. In addition, CareDx seeks:

    f.    an award of attorneys' fees under 35 U.S.C. § 285;

    g.    an award of all costs of this action; and

    h.    any other relief as this Court deems just and proper.

21. During claim construction proceedings, the parties agreed to the constructions of some terms. The constructions set forth in the Court's Order regarding the claims that may be asserted at trial, together with the agreed-upon constructions, are set forth in the following table with respect to the terms that Natera asserts.

| Claim Term | Asserted Patent / Claim | Construction (D.I. 94) |
|---|---|---|
| "loci" | '544 Patent Claims 21 | Particular regions of interest on the DNA of an individual, which may include SNPs, the sites of possible insertions or deletions, or the sites of some other relevant genetic variations |
| "sequencing-by-synthesis" | '544 Patent Claims 21 | Plain and ordinary meaning |

8

| Claim Term | Asserted Patent / Claim | Construction (D.I. 94) |
|---|---|---|
| "targeted PCR amplification of the cell-free DNA at more than 100 PCR loci in a single reaction volume using more than 100 primer pairs, wherein the amplified SNP loci comprise SNP loci on at least chromosome 1, 2, or 3" | '180 Patent Claim 14 | Plain and ordinary meaning |
| "wherein the method is performed without prior knowledge of genotypes of the genetically distinct individual" | '180 Patent Claim 14 | Plain and ordinary meaning |
| "amplifying a plurality of target loci" / "amplify a plurality of SNP loci" | '544 Patent Claim 21 | Plain and ordinary meaning |

22.     The Court did not construe the following terms and stated it would determine the constructions at a later date:

- "cell-free DNA extracted from the [biological/blood] sample: '544 Patent Claim 21. Construction of this term is at issue in Natera's First Summary Judgment Motion for Infringement of U.S. Patent Nos. 10,597,724 and 11,111,544. D.I. 246.

- "targeted PCR."  The parties submitted supplementary briefing on "targeted PCR" but the pertinent claims are no longer being asserted. Accordingly, construction of this claim term is moot.  *See* D.I. 166.

23.    Natera also contends that CareDx's non-infringement arguments require the Court's construction of other terms, including "determining the most likely genetic data for DNA from the first individual" ('544 Patent claim 21) and "measuring a quantity of each allele … wherein the quantity of each allele at a plurality of amplified SNP loci are measured by high-throughput sequencing" ('180 Patent claim 14).  These are documented in the parties' briefs on Natera's motions for summary judgment at D.I. 247, 253, 315, 317, 362, 366.  CareDx disagrees that any further construction is warranted at this time.

24.    As to the other terms and phrases used in the claims for which the Court did not issue a specific construction and for which the parties did not agree to constructions, the Parties shall apply the ordinary and accustomed meaning for those terms as would have been understood by one of ordinary skill in the art when viewed in light of the patents-in-suit.

### C.    Pending Motions

25.    As described in Section 1.B, Natera's and CareDx's respective motions for summary judgment and to exclude testimony under *Daubert* described in Section I.B. are currently pending before the Court, except that the Court denied Natera's MSJ #1 (D.I. 401) and MSJ #2 (D.I. 404) and granted-in-part CareDx's MSJ #1 (D.I.

402, 403). CareDx intends to withdraw CareDx MSJ #5 per the stipulation at D.I. 397, if and when the Court grants that stipulation.

26.     The motions *in limine* described below in Section XI are also pending before the Court.

27.     Natera's motion to strike certain opinions from the Opening Expert Report of Dr. Brian Van Ness (D.I. 235) and Natera's motion to strike (1) CareDx's Fifth Supplemental Responses and Objections to Natera's Interrogatory No. 2 and (2) the Declaration of Robert Woodward in Support of CareDx's Motion for Summary Judgment of No Ongoing Infringement (D.I. 306) are currently pending, but will be resolved upon the Court's approval of the stipulation at D.I. 397.

### D.     Other Relevant Motions and Orders

28.     <u>Oral Order, D.I. 390</u>: CareDx will not present expert testimony that AlloSure does not infringe Claim 21 of the '544 Patent because AlloSure does not "separately genotyp[e]" the donor and the recipient, whereas the claims require "determining the most likely genetic data for DNA from the first individual."  *See* D.I. 233 at 3 (Natera's motion to strike that theory), D.I. 390 ("With respect to Plaintiff's request that the Court strike portions of Dr. Van Ness' deposition testimony regarding an allegedly new non-infringement theory pertaining to the 724 and 544 patents, (D.I. 233 at 1-2), the Court DENIES the request as moot in light of Defendant's representation during argument that none of its experts will put forward

the theory at issue during trial."); 10/2/2023 Hr'g Tr. at 71-73 (CareDx counsel representing that CareDx will not make this argument through CareDx's expert).

29.     Oral Order, D.I. 392: On October 6, 2023, the Court granted Natera's motion to strike certain opinions regarding non-infringing alternatives from the Rebuttal Expert Report of Dr. Brian Van Ness and the Rebuttal Expert Report of Mr. Brian Napper (D.I. 233) and struck paragraphs 315-17 of Dr. Van Ness' rebuttal report and paragraph 110 of Mr. Napper's rebuttal report.

## II.    JURISDICTION

30.     Natera brings its claims under the patent laws of the United States, 35 U.S.C. § 1, et seq.

31.     This Court has subject matter jurisdiction over the claims for patent infringement pursuant to 28 U.S.C. § 1331.

32.     No party contests that this Court has personal jurisdiction over Natera and CareDx for purposes of this action.

33.     No party contests that venue for this action is proper in this District under 28 U.S.C. § 1400(b).

## III.   FACTS

### A.    Uncontested Facts

34.     The parties' joint statement of admitted facts requiring no proof is set forth in **Exhibit 1**.  The facts in **Exhibit 1** are not disputed, or have been agreed to

or stipulated by the parties.  As such, these facts should become part of the evidentiary record in this case.  Any party, without prior notice to all other parties, may read any or all of the uncontested facts to the Court or jury.

**B.    Contested Facts**

35.    Natera's statement of issues of fact to be litigated at trial is set forth in **Exhibit 2**.

36.    CareDx's statement of issues of fact to be litigated at trial is set forth in **Exhibit 3**.

37.    If this Court determines that any issue identified in either statement of issues of fact is more properly considered as an issue of law, it should be so considered.

38.    The parties reserve the right to modify or supplement their statements of issues of fact to be litigated at trial to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.  The parties also reserve the right to move items from their respective lists of contested facts to the joint statement of uncontested facts in the event the parties come to the agreement that the issue is no longer contested.

**IV.    ISSUES OF LAW**

39.    Natera's statement of issues of law to be litigated at trial is set forth in **Exhibit 4**.

40.     CareDx's statement of issues of law to be litigated at trial is set forth in **Exhibit 5**.

41.     If this Court determines that any issue identified in either statement of issues of law is more properly considered as an issue of fact, it should be so considered.

42.     The parties reserve the right to modify or supplement their statements of issues of law to be litigated at trial to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.

## V.      BRIEF STATEMENT OF INTENDED PROOFS

43.     Natera's brief statement of intended proofs is attached as **Exhibit 6**.

44.     CareDx's brief statement of intended proofs is attached as **Exhibit 7**.

45.     The parties reserve the right to modify or supplement their statements of intended proofs to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.

## VI.     WITNESSES

### A.      Witness Lists

46.     The list of witnesses that Natera will call or may call to testify in person or by designation is attached as **Exhibit 8**.

47.    The list of witnesses that CareDx will call or may call to testify in person or by designation is attached as **Exhibit 9**.

48.    To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition to the extent permitted by the Federal Rules of Civil Procedure, as set forth below in this pretrial order.  The party calling such a witness by deposition must promptly provide an explanation of the changed circumstances and the proposed deposition designations to the other party.  Such other party reserves all rights to object to the use of such deposition testimony, including on the grounds that the witness is not unavailable, the unavailability was foreseeable, or because untimely deposition designations will cause it unfair prejudice.

49.    Any witness not listed in the parties' witness lists will be precluded from testifying absent a showing of good cause including, for example, one or more of the following reasons:  (1) one or more additional witnesses whose testimony is necessary to establish authenticity or admissibility of any trial exhibit, if that evidentiary status of the exhibit is challenged by an opposing party; (2) additional witnesses to respond to any issues raised by the Court's pretrial or trial rulings; (3) any witness solely for impeachment purposes to the extent permitted by applicable rules; (4) any witness who appears on the other party's witness list; and (5) additional rebuttal witnesses that could not have been anticipated.

50.     With respect to those witnesses whom the parties have identified in Exhibits 8 and 9 who will be called to testify live at trial, no deposition designations or counter-designations are required.  Should the party that intends to call a fact witness identified in Exhibits 8 and 9 as testifying live at trial demonstrate that the fact witness has become unavailable, as that term is defined in the Federal Rules of Civil Procedure and Federal Rules of Evidence,  or elect not to call that witness at trial the parties may designate specific pages and lines of deposition transcript that they intend to read or play in lieu of the witness's appearance.  A party shall immediately notify the other party in the event it decides not to call a witness to testify live at trial or learns that a witness has become unavailable and allow the other party sufficient time to prepare objections and any counter-designations to such deposition testimony.

**B.      Testimony by Deposition**

51.     The parties may offer some or all of the deposition testimony set forth in the attached exhibits at trial.[1]  A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented upon at trial.

---

[1]   The parties dispute whether CareDx may introduce deposition testimony from a different litigation as though it had been taken in this case. [**CareDx's position**: CareDx has designated sworn testimony given by Natera's named inventor David Johnson from a prior proceeding.  His deposition and transcript have been produced in this case, and there is no reasonable basis why it cannot be used.]

16

52.    The deposition testimony that the parties may offer into evidence is identified in **Exhibit 10** and **Exhibit 11**.

53.    Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as a counter-designation for fairness or completeness reasons, subject to all objections.  For convenience and sake of brevity, the parties have listed counter-designations in response to specific affirmative designations by the opposing party.  To the extent an opposing party withdraws any affirmatively designated testimony, a party may present its counter-designation testimony in response to other affirmative testimony by the opposing party, subject to any objections by the affirmatively-designating party that those counter-designations are not proper counters to the remaining affirmative testimony.

54.    With respect to those witnesses who are expected to testify by deposition rather than in person, each party has designated the specific pages and lines of deposition testimony of the fact witnesses that it may read or play during trial pursuant to Rule 32 of the Federal Rules of Civil Procedures (*e.g.*, testimony of a party's officer or Rule 30(b)(6) designees, testimony of unavailable witnesses, etc.), other than for impeachment or cross-examination of a live witness.

55.    Either party may use for any purpose the opposing party's deposition testimony provided under Rule 30(b)(6), even if the deponent appears in person at trial and/or testifies live at trial. *See* Rule 32(a)(3).

56.    A party's employees who are not on the "will call" list and who are beyond the Court's subpoena power are presumptively "unavailable" to the other party for purposes of Rule 32(3) of the Federal Rules of Civil Procedures.  .

57.    Regardless of whether deposition testimony is read or played by video, the time available for each party's trial presentation shall be reduced by the length of its designations, including any additions to address any incompleteness objections, and counter-designations, respectively. The time to play counter-designations counts against the time of the counter-designating party.

58.    If an exhibit is referenced in a deposition designation played at trial, the designating party may seek to admit the exhibit into evidence if it is included on a party's trial exhibit list, subject to the other party's objections.  If an exhibit is referenced in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen that were discussed or referenced in the designation or counter-designation, respectively, as if the exhibit were being shown to a live testifying witness.

59.    By objecting to a designation on a given ground, a party asserts that at least one question or answer in the designation is subject to such objection.

60.    Each party reserves the right to object to a given designation as improper under Rule 32, including because the witness is not unavailable and the testimony falls outside the scope of the topic for which the witness was designated under Rule 30(b)(6), in view of the specific context in which such testimony is offered.  Such objections will be made pursuant to Section VIII below.

61.    A party's designations or counter-designations shall not operate as a waiver of any of that party's objections to the other party's designations and may be offered in the alternative.

62.    The parties reserve the right to play any completeness designations as counter-designations should the Court rule that they are not required to make the designation complete.

63.    All objections and colloquy between counsel will be eliminated when the deposition is read or viewed at trial.

64.    Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

65.    When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court and opposing counsel with copies of the transcript of the designations and counter-designations that will be read or played.

## VII.  EXHIBITS

### A.    Trial Exhibits

66.    Natera's list of exhibits that it may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and CareDx's objections to Natera's exhibits, are attached as **Exhibit 12**.  CareDx's list of exhibits that it may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and Natera's objections to CareDx's exhibits, are attached as **Exhibit 13**.  A key to the objection codes is appended at the end of each exhibit list.

67.    Natera's trial exhibits will be identified with the PTX prefix, starting with PTX-0001.  CareDx's trial exhibits will be identified with the DTX prefix, starting with DTX-0001.

68.    The parties agree that exhibits to be used solely as demonstratives or impeachment need not be included on the lists of trial exhibits.  The parties also agree that exhibits not on an exhibit list shall not be admitted absent good cause.

69.    This pretrial order contains the parties' good-faith efforts to identify the entire universe of exhibits to be used at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, as well as all objections to the admission of such exhibits.

70.    Nothing herein (including the exhibits hereto) shall be construed as a stipulation or admission that a document listed on a party's exhibit list is entitled to

any weight in deciding the merits of this case.  The parties agree that any description of a document on an exhibit list, including the date listed for documents, is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.  Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections.  Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission.  The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.  Each party has made a good faith effort to list objections to deposition designations or exhibits offered by the other party as not relevant (FRE 402), unduly prejudicial (FRE 403), or for lack of foundation (FRE 602).  However, each party reserves the right to object to the admission of deposition testimony or exhibits on any of these three grounds, or any other ground provided under the Federal Rules of Evidence, at the time such evidence is offered, in view of the specific context in which such evidence is offered. Each party reserves the right to withdraw objections to deposition testimony or exhibits at any time.  Each party reserves the right under F.R.E. 105 to assert limited admissibility and to request that the Court restrict the evidence to its proper scope and instruct the jury accordingly,

71.     Legible copies of United States patents and patent applications may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

72.     A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.  A party may comment on the absence of admitted evidence on a topic even though there may be unintroduced exhibits on that topic.

73.     The parties shall make available for inspection physical exhibits to be used at trial at the office of Delaware counsel no later than 9 a.m. EDT on January 16, 2024.

74.     The parties agree that for exhibits that bear a deposition exhibit sticker, a party may elect to use an identical version of the document without a deposition sticker to improve legibility and/or reduce juror confusion.  A party choosing to do so must give the other party notice and represent that the exhibit is otherwise identical.

**B.     Demonstrative Exhibits**

75.     Natera's demonstratives will be identified with PDX numbers, starting with PDX-0001.  CareDx's demonstratives will be identified with DDX numbers, starting with DDX-0001.

76.     The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Final Pretrial Order.

77.     For demonstratives subject to advance disclosure under Section VIII below, the party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form.  However, for any demonstrative exhibits that include video or animations, the party seeking to use the demonstrative will provide a native version.  For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation of the exhibits in PDF form and make the demonstrative available for inspection.  Demonstratives to be used for cross-examination or previously used at trial in this matter are not subject to the disclosure provisions in Section VIII below.

78.     Each demonstrative exhibit shall clearly indicate all information sources (including, if available, all trial exhibit numbers) that form the basis of the demonstrative exhibit.

79.     Highlighted or enlarged exhibits, exhibit pages or portions of pages, or excerpts of trial or admitted deposition testimony are demonstratives that do not need to be provided to the other side in advance of their use unless a party intends to use them in opening statements, in which case they must be exchanged in advance as set forth in Section VIII.

80.     Demonstratives disclosed by one party may not be used by the opposing party prior to being used by the disclosing party.  However, once the demonstrative is used by the disclosing party, the opposing party may also use the demonstrative for cross-examination, impeachment, or in its case.

81.     Demonstratives shall not be admitted into evidence.

## VIII.  TRIAL DISCLOSURE SCHEDULE

### A.    Witnesses, Testimony by Deposition, and Exhibits

82.     The following disclosure, objection, and meet-and-confer timing may be altered by mutual agreement of the parties or order of the Court.

83.     Each party will provide to the other side the name of its designated representative pursuant to Federal Rule of Evidence 615(a)(2) by no later than 7:30 p.m. EDT two calendar days prior to the first day of trial.

84.     A party shall identify the witnesses it intends to call to testify at trial either in person or by deposition and whether the witness is to be called live or by deposition by 7:30 p.m. EDT two calendar days before the trial day during which those witnesses are expected to testify (*e.g.*, if a party intends to call a witness to testify on Wednesday, the party must identify the witness by 7:30 p.m. EDT on Monday).

85.     If a party identifies a witness that it intends to call to testify at trial by deposition, then along with such identification (i.e., by 7:30 p.m. EDT two calendar

24

days before the trial day at which the party expects to play or read that deposition testimony) the party shall also identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play, as well as any exhibits that the designating party intends to introduce through such testimony.

86. For those witnesses testifying by deposition, the parties shall be permitted to make brief transition statements to introduce the witness by name (*i.e.*, "[Party] calls [witness name] to testify by deposition."), the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. Any party seeking to make such a transition statement shall provide the statement in writing to the other party no later than 7:30 p.m. one day before the testimony will be played, and the parties shall agree in writing to any such statement before it is presented to the jury. Other than this identification, counsel shall not be permitted to argue or comment on the evidence during transition statements.

87. The receiving party shall identify any objections to the identified deposition testimony, as well as specific pages and lines of the witness's deposition testimony that the party expects to read or play as counter-designations and any exhibits that the designating party intends to introduce through such testimony, by 7:30 p.m. EDT one day after the disclosures (*i.e.*, one calendar day before the trial day on which the witness is expected to testify).

88.     The identifying party will disclose any objections to any counter-designations or exhibits to be introduced with the counter-designations by the receiving party by 10:00 p.m. the same day the counter-designations are provided.

89.     A party shall identify the order in which it intends to call its witnesses by 7:30 p.m. EDT the day before the trial day during which those witnesses are expected to testify.

90.     A party shall disclose exhibits and demonstratives to be used in connection with each direct examination of a live witness by 7:30 p.m. EDT one day after the witness is disclosed (i.e., one calendar day before the trial day on which the witness is expected to testify).  Copies of demonstratives shall be provided as set forth in Section VII (B) above.  A party is not required to provide advance notice of exhibits or demonstratives to be used during an adverse direct examination or cross-examination.

91.     The receiving party shall notify the identifying party of any objection to the disclosed witnesses, exhibits and/or demonstratives to be used in connection with each direct examination by 9:30 p.m. EDT one calendar day before the witness is expected to testify at trial.

92.     The parties shall meet and confer in good faith on all objections to the witnesses, exhibits, demonstratives, and designated testimony for witnesses testifying the next calendar day, by 10:00 p.m. EDT two calendar days before the

trial day on which the witness is expected to testify and one calendar day before the deposition testimony, exhibits, or demonstratives are to be introduced.  If good faith efforts to resolve the objections fail, the party objecting shall raise its objections with the Court at the beginning of the trial day before the jury is seated, or as otherwise ordered by the Court.

93.    Where deposition testimony refers to an exhibit, the video may also display the portions of that exhibit to which the testimony refers.  A copy of each video clip, including any counter-designations, shall be provided to the opposing party no later than 9:30 p.m. EDT (or as soon as reasonably practicable) the day before the deposition testimony is expected to be read or played.  The opposing party shall promptly review the video deposition clips upon receipt, and the parties shall meet and confer in good faith at the earliest possible time to resolve any objections from the opposing party regarding any video clip.

94.    In the event that a party intends to call an unforeseen rebuttal witness, it will inform the other party promptly and no later than 6:00 p.m. EDT the night before the trial day when the rebuttal witness is expected to testify unless the circumstances requiring that the unforeseen witness be called occur on the final day of testimony.

**B.     Trial Exhibits and Demonstratives for Opening Statements**

95.     The parties will identify and provide trial exhibits and demonstrative exhibits to be used in connection with opening statements at 2:00 p.m. EDT the day before their intended use (*e.g.*, exhibits for an opening statement on Monday must be disclosed by 2:00 p.m. EDT on Sunday).  The receiving party will provide its objections by 5:00 p.m. EDT the same night.  The parties shall meet and confer at 8:00 pm EDT the night before the use of any exhibits in order to resolve any objections.  If good faith efforts to resolve the objections fail, the party objecting to the exhibits shall raise its objections with the Court no later than the morning of the first day of trial.  The parties agree that slides and other demonstratives for closing arguments need not be exchanged.

96.     In the event that the trial is phased, the preceding paragraph governs opening and closing statements for the first phase only.  The parties shall agree upon a schedule for exchanges relating to subsequent opening and closing statements as soon as reasonably practicable, and in any event no later than immediately following closing statements in the first phase.

## IX.    AMENDMENT OF THE PLEADINGS

97.     The parties are not seeking to amend the pleadings at this time.

## X.    DISCOVERY

98.     Each party has completed discovery.

28

## XI.   MOTIONS *IN LIMINE*

99.     Pursuant to Paragraph 22 of the Scheduling Order (D.I. 48), the parties'
*in limine* requests are submitted with this Joint Pretrial Order as follows:

a.     Natera's Motion *in Limine* No. 1 to preclude evidence and
argument of past litigations or that Natera engaged in false advertising, and the
parties' briefing in support and opposition is attached hereto as **Exhibit 14**.

b.     Natera's Motion *in Limine* No. 2 to preclude evidence and
argument relating to corrections of inventorship, and the parties' briefing in support
and opposition is attached hereto as **Exhibit 15**.

c.     Natera's Motion *in Limine* No. 3 to prevent CareDx from
violating the case narrowing order or otherwise asserting undue prior art references,
and the parties' briefing in support and opposition is attached hereto as **Exhibit 16**.

d.     CareDx's Motion *in Limine* No. 1 to preclude evidence or
suggestion that the asserted claims require primer selection techniques, and the
parties' briefing in support and opposition is attached hereto as **Exhibit 17**.

e.     CareDx's Motion *in Limine* No. 2 to preclude improper and
estopped arguments and evidence related to another proceeding involving Natera
and CareDx, and the parties' briefing in support and opposition is attached hereto as
**Exhibit 18**.

f.   CareDx's Motion *in Limine* No. 3 to preclude argument or evidence regarding extraterritorial sales, and the parties' briefing in support and opposition is attached hereto as **<u>Exhibit 19</u>**.

## XII.   LENGTH OF TRIAL AND ORDER OF PRESENTATION

100.   Pursuant to Paragraphs 25-26 of the Scheduling Order (D.I. 48), this case is currently scheduled for a 5-day jury trial commencing on January 22, 2024. Unless otherwise agreed to by the parties and the Court, the jury trial shall proceed in phases.  In the first phase, the jury will decide infringement and invalidity.  If liability is found, the jury will decide damages and willfulness in the second phase.

101.   The jury trial will be timed.  **[Natera's Proposal:** Each side will be allotted eleven (11) hours to present its case.**] [CareDx's Proposal:** Each side will be allotted thirteen (13) hours to present its case.**]**  Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by the other party, deposition designations as agreed-to above, and closing argument.  The Courtroom Deputy will keep a running total of trial time used by counsel.

102.   If any witness is excused, the adverse party cannot recall the witness. However, the party for whom the witness testified may call the witness in rebuttal and if so, the adverse party may cross examine the witness and the presenting party

may redirect. But under no circumstances may an adverse party recall a witness who has been excused.

## XIII.  ADDITIONAL MATTERS

### A.     Sequestration of Witnesses

103.   Pursuant to Federal Rule of Evidence 615, fact witnesses, other than witnesses who have already testified and been excused, shall be sequestered and prevented from hearing the testimony of other witnesses.  Pursuant to provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative.

104.   Expert witnesses disclosed under Federal Rule of Civil Procedure 26(a)(2)(B) shall not be excluded for either fact or expert testimony.

### B.     Jury Notes

105.   The parties agree that the jurors shall be permitted to take handwritten notes during the presentations of the parties and be given a jury notebook.  The jury notebooks shall include blank sheets of paper for notetaking.  The parties further agree that the jurors be permitted to bring these notes as well as the provided jury notebook into the deliberation room.

106.   The parties further propose that the jurors be instructed not to exchange or share their notes with each other (though they may discuss the contents of their notes during deliberations) and that the jurors' notes be collected by the clerk after

each daily recess, and collected and destroyed without review after the jury's discharge.

### C.    Handling of Confidential Information at Trial

107.    The parties acknowledge the public's right of access to Court proceedings.  In the event that a party identifies a need, based on confidentiality, for protections that would limit public access to direct examination exhibits (such as not displaying them to the public) or testimony that may be presented at trial, the parties agree that the designating party under the Stipulated Protective Order (D.I. 188, C.A. No. 19-567-CFC-CJB at D.I. 66) shall follow the procedure under Section VII above to identify proposed protections, confer with the other party, and present the issue to the Court the day before the expected introduction of the exhibit or testimony. Confidentiality objections to cross-examination exhibits may be made at or before the time the exhibit is referenced.

### D.    Federal Judicial Center Introduction to Patent System Video

108.    The parties agree that the video will be played and the sample patent will be handed out to all prospective jurors during the Court's preliminary jury instructions.

## XIV.  OTHER MATTERS

109.    Natera's further narrowing of claims to assert at trial, and CareDx's further narrowing of Invalidity Arguments to assert at trial.

110.   The parties' effort to agree upon uncontested statement of facts, including regarding undisputed claim elements for infringement and validity. To the extent the parties are unable to reach agreement, the parties would like to discuss their effort to agree upon the uncontested statement of facts, including undisputed claim elements for infringement and validity. The parties will continue to meet and confer to attempt to narrow the disputed issues to be presented to the jury.

111.   The parties' disagreement as to CareDx's noninfringement defenses as to the term "determining the most likely genetic data" in the claims of the '544 Patent.

## XV.  SETTLEMENT

112.   The parties have discussed settlement but have been unable to successfully resolve the case.

## XVI.  ORDER TO CONTROL COURSE OF ACTION

113.   Pursuant to LR 16-3(d)(4), this Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Morris, Nichols, Arsht & Tunnell LLP

*/s/ Derek J. Fahnestock*
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Kevin P.B. Johnson
Quinn Emanuel Urquhart
 & Sullivan, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
Andrew M. Holmes
Jeff Nardinelli
Quinn Emanuel Urquhart
 & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600

Sandra L. Haberny, Ph.D.
Sarah M. Cork, Ph.D.
Quinn Emanuel Urquhart
 & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

Farnan LLP

*/s/ Brian E. Farnan*
Brian E. Farnan
Michael J. Farnan
Farnan LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

OF COUNSEL:

Edward R. Reines
Derek C. Walter
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Edward.Reines@weil.com
Derek.Walter@weil.com

*Attorneys for Defendant CareDx, Inc.*

Bianca Fox
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Abigail E. Clark
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
2601 South Bayshore Dr, Suite 1550
Miami, FL 33133
(305) 402-4880

*Attorneys for Plaintiff Natera, Inc.*

January 9, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 9, 2024, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                  *VIA ELECTRONIC MAIL*
Michael J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Defendant*

Edward R. Reines, Esquire                                 *VIA ELECTRONIC MAIL*
Derek C. Walter, Esquire
Shawn Chi, Esquire
Nate Ngerebara, Esquire
August Melcher, Esquire
Concord Cheung, Esquire
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA  94065
*Attorneys for Defendant*

Randi W. Singer, Esquire                                  *VIA ELECTRONIC MAIL*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
*Attorneys for Defendant*

W. Sutton Ansley, Esquire                    *VIA ELECTRONIC MAIL*
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC  20036
*Attorneys for Defendant*


                              */s/ Derek J. Fahnestock*
                              _____
                              Derek J. Fahnestock (#4705)