IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATERA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-038 (CFC) (CJB) |
| | ) | (CONSOLIDATED) |
| CAREDX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# JOINT REVISED [PROPOSED] VERDICT FORM (PHASE I)

**Instructions:** When answering the following questions and completing this Verdict Form, please follow the directions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Natera" refers to Plaintiff Natera, Inc.

2. "CareDx" refers to Defendant CareDx, Inc.

3. The "'544 Patent" refers to U.S. Patent No. 11,111,544.

4. The "'180 Patent" refers to U.S. Patent No. 10,655,180.

## PHASE I - FINDINGS ON INFRINGEMENT

**QUESTION 1:**

Did Natera prove, by a preponderance of the evidence, that CareDx directly infringed, either literally or under the doctrine of equivalents, any of the following claims by using AlloSure in the United States?

("YES" is a finding in favor of Natera, and "NO" is a finding in favor of CareDx.)

|  | YES | NO |
|---|---|---|
| '544 Patent, Claim 21 | | |
| '544 Patent, Claim 26 | | |
| '544 Patent, Claim 27 | | |
| '180 Patent, Claim 14 | | |
| '180 Patent, Claim 15 | | |

Continue to the next question.

**QUESTION 2:**

Did Natera prove, by a preponderance of the evidence, that CareDx directly infringed, either literally or under the doctrine of equivalents, any of the following claims by using AlloSeq in the United States?

("YES" is a finding in favor of Natera, and "NO" is a finding in favor of CareDx.)

|  | YES | NO |
|---|---|---|
| '544 Patent, Claim 21 |  |  |
| '544 Patent, Claim 26 |  |  |
| '544 Patent, Claim 27 |  |  |
| '180 Patent, Claim 14 |  |  |
| '180 Patent, Claim 15 |  |  |

Continue to the next question.

**QUESTION 3:**

Did CareDx prove, by clear and convincing evidence, that any of the following claims are invalid because it would have been obvious to a person of ordinary skill in the art?

("YES" is a finding in favor of CareDx, and "NO" is a finding in favor of Natera.)

|  | YES | NO |
|---|---|---|
| '544 Patent, Claim 21 |  |  |
| '544 Patent, Claim 26 |  |  |
| '544 Patent, Claim 27 |  |  |
| '180 Patent, Claim 14 |  |  |
| '180 Patent, Claim 15 |  |  |

Continue to the next question

**QUESTION 4:**

Did CareDx prove, by clear and convincing evidence, that any of the following claims are invalid for a lack of adequate written description?

("YES" is a finding in favor of CareDx, and "NO" is a finding in favor of Natera.)

|  | YES | NO |
|---|---|---|
| '544 Patent, Claim 21 |  |  |
| '544 Patent, Claim 26 |  |  |
| '544 Patent, Claim 27 |  |  |
| '180 Patent, Claim 14 |  |  |
| '180 Patent, Claim 15 |  |  |

Continue to the next question.

**QUESTION 5:**

Did CareDx prove, by clear and convincing evidence, that the individual limitations of the following claims were well-understood, routine, and conventional, as of September 22, 2006?

("YES" is a finding in favor of CareDx, "NO" is a finding in favor of Natera.)

|  |  | YES | NO |
|---|---|---|---|
| '544 Patent, Claim 21 [Preamble] | A method for preparing a preparation of amplified DNA derived from a biological sample of a second individual useful for determining genetic data for DNA from a first individual in the biological sample, the method comprising: |  |  |
| '544 Patent, Claim 21[a] | extracting cell-free DNA from the biological sample;*<br><br>*The parties do not dispute that this limitation was well-understood, routine, and conventional, as of September 22, 2006. |  |  |
| '544 Patent, Claim 21[b] | preparing a preparation of amplified DNA by amplifying a plurality of target loci on the cell-free DNA extracted from the biological sample to generate amplified DNA; |  |  |
| '544 Patent, Claim 21[c] | analyzing the preparation of amplified DNA by sequencing the amplified DNA using sequencing-by-synthesis to obtain genetic data of the plurality of target loci; |  |  |
| '544 Patent, Claim 21[d] | determining the most likely genetic data for DNA from the first individual based on allele frequencies in the genetic data at the plurality of target loci. |  |  |

| | | | |
|---|---|---|---|
| '544 Patent, Claim 26 | The method of claim 21, wherein the amplifying comprises targeted PCR and universal PCR. | | |
| '544 Patent, Claim 27 | The method of claim 21, wherein the sequencing-by-synthesis comprises clonal amplification of the amplified DNA and measurement of sequences of the clonally amplified DNA. | | |

Continue to the next question.

**QUESTION 6:**

Did CareDx prove, by clear and convincing evidence, that the limitations of the following claims as a combination were well-understood, routine, and conventional, as of September 22, 2006?

("YES" is a finding in favor of CareDx, "NO" is a finding in favor of Natera.)

|  | YES | NO |
|---|---|---|
| '544 Patent, Claim 21 |  |  |
| '544 Patent, Claim 26 |  |  |
| '544 Patent, Claim 27 |  |  |

Continue to the next question.

**QUESTION 7:**

Did CareDx prove, by clear and convincing evidence, that the individual limitations of the following claims were well-understood, routine, and conventional, as of May 18, 2010?

("YES" is a finding in favor of CareDx, "NO" is a finding in favor of Natera.)

|  |  | YES | NO |
|---|---|---|---|
| '180 Patent, Claim 14 [Preamble] | A method for measuring an amount of DNA in a biological sample, the method comprising: |  |  |
| '180 Patent, Claim 14[a] | performing a targeted PCR amplification for more than 100 SNP loci on one or more chromosomes expected to be disomic in a single reaction mixture using more than 100 PCR primer pairs, wherein the reaction mixture comprises cell-free DNA extracted from a biological sample of a subject comprising DNA of mixed origin, wherein the DNA of mixed origin comprises DNA from the subject and DNA from a genetically distinct individual, wherein neither the subject nor the genetically distinct individual is a fetus, wherein the DNA of mixed origin comprises DNA from a transplant, and wherein the amplified SNP loci comprise SNP loci on at least chromosome 1, 2, or 3; |  |  |
| '180 Patent, Claim 14[b] | measuring a quantity of each allele at a plurality of amplified SNP loci that comprise an allele present in the genetically distinct individual but not the subject, wherein the quantity of each allele at a plurality of amplified |  |  |

9

|  | SNP loci are measured by high-throughput sequencing; |  |  |
|---|---|---|---|
| '180 Patent, Claim 14[c] | measuring an amount of the DNA from the genetically distinct individual in the biological sample using the quantity of each allele at the SNP loci and an expected quantity of each allele at the SNP loci for different DNA fractions, |  |  |
| '180 Patent, Claim 14[d] | wherein the method is performed without prior knowledge of genotypes of the genetically distinct individual. |  |  |
| '180 Patent, Claim 15 | The method of claim 14, further comprising determining a bias of the PCR amplification, and using the bias to statistically correct the determined quantity of each allele at the plurality of SNP loci on the one or more chromosomes expected to be disomic before the quantity of each allele is used to determine the amount of the DNA from the genetically distinct individual. |  |  |

Continue to the next question.

**QUESTION 8:**

Did CareDx prove, by clear and convincing evidence, that the limitations of the following claims as a combination were well-understood, routine, and conventional, as of May 18, 2010?

("YES" is a finding in favor of CareDx, "NO" is a finding in favor of Natera.)

|  | YES | NO |
|---|---|---|
| '180 Patent, Claim 14 |  |  |
| '180 Patent, Claim 15 |  |  |

## UNANIMOUS VERDICT

You have now reached the end of the verdict form and you should review it to ensure that it accurately reflects your unanimous determinations. All jurors should then sign the verdict form in the space below and notify the Court Security Officer that you have reached a verdict. The Foreperson should retain possession of the verdict form and bring it to the courtroom with the jury.

Signed:

_____
Foreperson

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

_____
Juror

Dated: _____