# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-38 (CFC) (CJB) |
| | ) |
| CAREDX, INC. | ) (CONSOLIDATED) |
| | ) |
| Defendant. | ) **FILED UNDER SEAL** |
| | ) |

## CAREDX, INC.'S RESPONSE TO NATERA'S PERMANENT INJUNCTION MOTION

Dated: June 25, 2024

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

W. Sutton Ansley (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, NW Suite 600
Washington, DC 20036
(202) 682-7000
*Attorneys for Defendant*

# **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................... 1

II. STATEMENT OF FACTS .......................................................................... 1

III. ARGUMENT ............................................................................................... 3

IV. THIS MOTION IS PREMATURE .............................................................. 3

V. NATERA'S INJUNCTION REQUEST SHOULD BE DENIED ................ 5

    A. Natera Will Not Suffer Irreparable Harm If the Court Denies Its Requested Injunction ........................................................................ 5

    B. Natera Cannot Show that it Lacks an Adequate Remedy ..................... 7

    C. Granting This Motion Would Unnecessarily Harm CareDx ................. 8

    D. Granting This Motion Would Unnecessarily Harm Patients and the Public Interest ............................................................................ 9

VI. CONCLUSION .......................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
  809 F.3d 633 (Fed. Cir. 2015) ................................................................................ 7

*B. Braun Melsungen v. Terumo Medical Corp.*,
  778 F. Supp. 2d 506 (D. Del. 2011) ........................................................................ 9

*Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.*,
  967 F.3d 1353 (Fed. Cir. 2020) .............................................................................. 8

*Clark Tech. LLC v. Corncob Inc.*,
  No. 18-CV-1559-JPS, 2019 WL 4279462 (E.D. Wis. Sept. 10, 2019) ............ 3, 4

*Cordis Corp. v. Bos. Sci. Corp.*,
  99 F. App'x 928 (Fed. Cir. 2004) ....................................................................... 7, 9

*eBay Inc. v. MercExchange, LLC*,
  547 U.S. 388 (2006) ................................................................................................ 5

*Ferring B.V. v. Watson Lab'ys, Inc.-Fla.*,
  764 F.3d 1382 (Fed. Cir. 2014) .............................................................................. 5

*Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.*,
  915 F.3d 764 (Fed. Cir. 2019) ................................................................................ 5

*Monsanto Co. v. Geertson Seed Farms*,
  130 S. Ct. 2743 (2010) ............................................................................................ 5

*Nichia Corp. v. Seoul Semiconductor, Ltd.*,
  No. 06-0162 MMC, 2008 WL 346416 (N.D. Cal. Feb. 7, 2008) ......................... 5

*Sahm v. Select Portfolio Servicing, Inc.*,
  No. 2:22-CV-00165-JHC, 2022 WL 1801566 (W.D. Wash. May 31,
  2022) .................................................................................................................... 3, 4

*United States ex rel. Cieszyski v. LifeWatch Servs., Inc.*,
  No. 13 CV 4052, 2015 WL 6153937 (N.D. Ill. Oct. 19, 2015) ........................... 6

## I. INTRODUCTION

Natera's motion for a permanent injunction is both premature and too late.

It is premature because there has been no liability finding (the patent that Natera is asserting has not even been found by the Court to be patent eligible) and because CareDx's current AlloSure process has not been found to infringe.

And it is too late. Natera cannot claim irreparable harm or that it lacks an adequate remedy because it is seeking to enjoin an AlloSure process that is no longer in use. Its claims of irreparable harm are also irreconcilable with its delay in moving for any type of injunctive relief.

The only thing the motion is ripe for is to cause confusion with doctors and clinicians as to the availability of AlloSure that will unnecessarily harm CareDx, the organ transplant community, and the public interest.

The motion should be denied.

## II. STATEMENT OF FACTS

1

On November 28, 2023, the parties agreed that, if ▮▮▮▮▮▮▮▮▮▮ was found by the jury to have infringed at least one valid asserted patent claim before ▮▮▮▮▮▮▮ Natera would "be entitled to seek supplemental damages and/or ongoing royalties" related to ▮▮▮▮▮▮▮▮▮▮ post-trial. D.I. 397 at 2.

A trial on infringement of ▮▮▮▮▮▮▮▮ was held from January 22-26. The jury returned a verdict that ▮▮▮▮▮▮▮ infringes claims 21, 26, and 27 of the '544 patent (D.I. 470), although not all liability issues are resolved. The parties agree, for example, that "it is the Court's role to ultimately decide whether the '544 Patent claims patentable subject matter." D.I. 509 at 1 (Natera).

On February 20, 2024, based on the parties' agreement, the Court entered an Order setting a schedule for post-trial proceedings regarding alleged infringement of claims 21, 26, and 27 of the '544 patent by ▮▮▮▮▮▮. D.I. 472. ▮▮▮▮▮▮ schedule includes fact and expert discovery, as well as briefing. The parties are currently engaged in expert discovery. The schedule extends to September 18, 2024, when Natera's reply brief is due. *Id.* at 2. The Court may of course elect to hold "oral argument[s]…or an evidentiary hearing in the event there are material issues of fact requiring resolution at the convenience of the Court." *Id*.

2

On April 4, 2024, the Court entered an Order setting a schedule for other post-trial briefing relating to the verdict on ▌▌▌▌▌▌▌▌. D.I. 479. CareDx filed a motion for JMOL and a new trial based on written description for the '544 and '180 patents, eligibility of the '180 patent, that foreign damages were improper, and that the jury's award of lost profits was unsupported and excessive. D.I. 485. CareDx also filed a motion for JMOL, a new trial, and judgment under Rule 52 based on eligibility of the '544 patent. D.I. 487. These motions are all pending.

### III.   ARGUMENT

As detailed below, Natera's motion: (1) is premature because there has been no determination of liability and would necessitate an inefficient double-motion process if Natera were to prevail on its theory that ▌▌▌▌▌▌▌▌ infringes; and (2) fails each of the elements necessary to demonstrate entitlement to a permanent injunction.

### IV.   THIS MOTION IS PREMATURE

A permanent injunction requires a finding of liability. *Clark Tech. LLC v. Corncob Inc.,* No. 18-CV-1559-JPS, 2019 WL 4279462, at *13 (E.D. Wis. Sept. 10, 2019) ("there can be no such remedy without liability"); *Sahm v. Select Portfolio Servicing, Inc.,* No. 2:22-CV-00165-JHC, 2022 WL 1801566, at *1 (W.D. Wash. May 31, 2022) (a liability finding is required for a permanent injunction).

3

Here, liability is not yet resolved. As explained in CareDx's post-trial §101 motion, the jury's verdict was advisory and problematic. D.I. 488. Until the Court resolves CareDx's §101 defense, there is no liability finding and a permanent injunction is premature. *See Clark Tech.* and *Sahm.*

Not only is this motion legally unripe, but Natera has stated it also plans to file a different permanent injunction motion months from now. This double-motion process is inefficient and illogical. Specifically, Natera now seeks a permanent injunction against ▇▇▇▇▇▇▇▇ and, if it prevails on its infringement argument against ▇▇▇▇▇▇ months from now, it will also seek another permanent injunction but that one against ▇▇▇▇▇▇. *See* D.I. 503 at 5 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Until the Court determines whether ▇▇▇▇▇▇ infringes and whether the '544 Patent is invalid, it is premature to address Natera's demand for a permanent injunction. Among other things, the two issues are related and can impact each other. Natera appears to be hoping for, but not moving for, an interim injunction against ▇▇▇▇▇▇▇▇▇▇▇▇. That request is not meritorious, nor is interim relief appropriate for a permanent injunction motion.

4

## V. NATERA'S INJUNCTION REQUEST SHOULD BE DENIED

"An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course. *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2761 (2010). If liability is established, the Court can then consider four factors to determine whether a permanent injunction is warranted: (1) irreparable injury; (2) the adequacy of remedies available at law to compensate for that injury; (3) the balance of hardships; and (4) "the public interest." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). All four factors must be established to grant a permanent injunction. *Id.*

### A. Natera Will Not Suffer Irreparable Harm If the Court Denies Its Requested Injunction

"A case becomes moot when interim relief or events have eradicated the effects of a defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Ferring B.V. v. Watson Lab'ys, Inc.-Fla.*, 764 F.3d 1382, 1391 (Fed. Cir. 2014); accord *Momenta Pharms., Inc. v. Bristol-Myers Squibb Co.,* 915 F.3d 764, 768–70 (Fed. Cir. 2019); *Nichia Corp. v. Seoul Semiconductor, Ltd.*, No. 06-0162 MMC, 2008 WL 346416, at *2 (N.D. Cal. Feb. 7, 2008) (Refusing to enjoin discontinued infringement because there was no "cognizable danger of recurrent violation").

Here, CareDx undisputedly ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Natera provides no good reason to believe CareDx will resume use.[1] To wit, because ▮▮▮▮ does not infringe, there is no reason that CareDx would revert to its ▮▮▮▮▮▮▮ use before the '544 Patent expires in 2026. Moreover, if ▮▮▮▮ were nevertheless found to infringe, and liability were resolved completely, at that time the Court on a full record could evaluate whether none, both, or either ▮▮▮▮▮▮▮ should be enjoined by the Court for the short period until patent-expiration—with all the far-reaching implications that stutter in market availability would have for patient-health and beyond.

Moreover, Natera has not moved promptly to seek an injunction even though its patent expires in 2026. Natera waited more than 15 years to pursue the claims



[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

6

of the '544 Patent[2] and even then chose not to include ▓▓▓▓ in the January 2024 trial—instead agreeing to a schedule that does not even ripen ▓▓▓▓ liability issue until this fall. As the Federal Circuit has repeatedly explained, "[d]elay is a factor in evaluating irreparable harm." *Cordis Corp. v. Bos. Sci. Corp.*, 99 F. App'x 928, 934 (Fed. Cir. 2004).

In addition, to obtain a permanent injunction, Natera must "show that the patented features impact consumers' decisions to purchase the accused" product. *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 642 (Fed. Cir. 2015). To meet this requirement, Natera argues that CareDx could not have created the AlloSure test without the use of the '544 patent. D.I. 503 at 14. But the successful existence of ▓▓▓▓, which does not infringe the '544 Patent, disproves this point. Natera does not even address this dispositive proof of no nexus. Natera has failed to establish a nexus.

### B. Natera Cannot Show that it Lacks an Adequate Remedy

The discontinuation of ▓▓▓▓ also means Natera cannot show that the second injunction factor (adequacy of remedy) favors it. There is no harm so there is no need for a remedy at all.

---

[2] Natera claims a 2005 priority date, knew of CareDx's AlloSure development by at least 2015, and admits that AlloSure was introduced in 2017. Its lawyers did not even create the '544 Patent claims until 2022.

### C. Granting This Motion Would Unnecessarily Harm CareDx

Harm to the defendant weighs against a permanent injunction. *See, e.g., Bio-Rad Lab'ys, Inc. v. 10X Genomics Inc.,* 967 F.3d 1353, 1379 (Fed. Cir. 2020).

A permanent injunction against ▉▉▉▉ risks serious confusion and thus harm to patients, doctors, the financial markets, and CareDx. When Natera filed this motion it caused a huge drop in CareDx's market value even though ▉▉▉▉. *Compare* D.I. 503 at 5 ▉▉▉▉ with Ex. A (*CareDx Stock Tumbles After Natera Asks for Injunction in Patent Suit*, GENOMEWEB (May 29, 2024), https://www.genomeweb.com/business-news/caredx-stock-tumbles-after-natera-asks-injunction-patent-suit. To exploit this, Natera muddied the waters further by addressing this motion in the media and stating that it is "seeking injunctive relief through the Court to ensure that CareDx does not sell its infringing product in the United States," ▉▉▉▉. *Id.*

If an injunction were to be entered against ▉▉▉▉, there is a serious risk that a significant portion of the organ transplant community would wrongly believe ▉▉▉▉. It also creates

8

the opportunity for Natera's marketing and sales team (which has already been found by a jury in this Court, in a verdict upheld by this Court, to have committed widespread and willful false advertising claiming superior performance) to create yet more mischief in the marketplace. Such confusion could lead to dislocations in organ transplant monitoring, expensive re-education efforts, lost capital for important CareDx research efforts, and beyond.

This harm to CareDx, including its business relationships and good will, counsel against entry of an injunction.

### D. Granting This Motion Would Unnecessarily Harm Patients and the Public Interest

A permanent injunction that interferes with important medical testing options is against the public interest. *See, e.g., Cordis Corp. v. Bos. Sci. Corp.*, 2003 WL 22843072, at *2 (D. Del. Nov. 21, 2003) (denying preliminary injunction in part because of "the obvious concern of depriving the public of the best and safest medical devices"), *aff'd*, 99 F. App'x 928 (Fed. Cir. 2004); *B. Braun Melsungen v. Terumo Medical Corp.*, 778 F. Supp. 2d 506, 526 (D. Del. 2011) (limiting injunction in light of "the public interest in access to competing alternatives to safe medical devices").

As explained above, granting this motion would stoke confusion and lead members of the organ transplant community to conclude ███████████

██████████████.  This confusion of doctors and patients is not warranted by Natera's request for an injunction against ████████████.  An injunction is extraordinary and drastic and is unwarranted here.

## VI. CONCLUSION

For these reasons, the Court should deny Natera's motion for a permanent injunction.

Dated: June 25, 2024

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000

W. Sutton Ansley (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES, LLP
2001 M Street, NW Suite 600
Washington, DC 20036
(202) 682-7000
*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief has been prepared in Times New Roman 14-point typeface using Microsoft Word, and contains 2,113 words as determined by the Word Count feature of Microsoft Word.

Dated: June 25, 2024

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)

# Exhibit A

# CareDx Stock Tumbles After Natera Asks for Injunction in Patent Suit

May 29, 2024 | staff reporter



Save for later

*This article was updated to include a comment from Natera.*

NEW YORK – Shares of CareDx slid on Wednesday after Natera asked for an injunction against the firm in an ongoing patent suit and CareDx reiterated its position that its AlloSure test does not infringe Natera's patent.

On Tuesday, Natera filed a motion in the US District Court for the District of Delaware for a permanent injunction against CareDx, alleging that CareDx had infringed on US Patent No. 11,111,544, which covers methods of cleaning noisy genetic data and determining chromosome copy number.

In a statement on Wednesday, CareDx said it no longer uses the process covered by the '544 patent in its AlloSure test, having developed a new process that does not infringe on Natera's patent.

"We believe the motion against a process that is no longer in effect is irrelevant, and the District Court is still considering the fundamental question of the validity of the '544 patent," said John Hanna, president and CEO of CareDx.

"Natera's motion does not impact CareDx's business or ability to continue providing transplant patients with AlloSure or AlloMap" tests, the firm wrote.

A spokesperson for Natera said in an email that Natera is "seeking injunctive relief through the Court to ensure that CareDx does not sell its infringing product in the United States. This is part of ongoing litigation and follows a jury verdict in January that CareDx infringed Natera's patents and that awarded Natera with $96 million in past damages and royalties."

Last year in the same case, a jury in the US District Court for the District of Delaware [awarded Natera](#) approximately $96.2 million in damages after determining that CareDx had infringed the '544 patent but not US patent No. 10,655,180. Both patents cover aspects of Natera's Panorama noninvasive prenatal testing assay technology.

In Wednesday afternoon trading on the Nasdaq, shares of CareDx were down about 15 percent at $13.72.