# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATERA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAREDX, INC., ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 20-38 (CFC) (CJB) <br><br> (CONSOLIDATED) |

## DEFENDANT CAREDX, INC.'S REPLY BRIEF RESPECTING THE MOTION TO REOPEN THE RECORD

Dated: November 4, 2024

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
edward.reines@weil.com
derek.walter@weil.com

W. Sutton Ansley (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
(202) 682-7000
sutton.ansley@weil.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant CareDx, Inc.*

## TABLE OF CONTENTS

                                       **Page**

I.  ARGUMENT ................................................................................................1

II.  CONCLUSION ............................................................................................5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
    265 F.3d 1294 (Fed. Cir. 2001) ............................................................................3

*Alice Corp. v. CLS Bank*,
    573 U.S. 208 (2014) ..............................................................................................3

*Genetic Technologies Ltd. v. Merial LLC.*,
    818 F.3d 1369 (Fed. Cir. 2016) ............................................................................2

*In re Stanford Univ.*,
    991 F.3d 1245 (Fed. Cir. 2021) ............................................................................2

*Parker v. Flook*,
    437 U.S. 584 (1978) ..............................................................................................2

*Pharmacyclics LLC v. Alvogen Pine Brook LLC*,
    556 F. Supp. 3d 377 (D. Del. 2021) ......................................................................4

**Statutes**

35 U.S.C. § 101 ................................................................................................ 1, 2, 3, 4, 5

I.     **ARGUMENT**

Natera's opposition effectively moots CareDx's motion to reopen by putting on the record the very position that CareDx sought to introduce: that the '544 patent's "determining" step requires "no 'particular' math." D.I. 545 at 6 ("Opp."). Natera has now affirmatively embraced that position as its own. Natera's opposition thus narrows the dispute between the parties. Both sides are now in full agreement that the claims do not require any "'particular' math," so any math of any kind is covered. That is an abstract and sweeping claim on using any math at all to determine genetic information. That confirms that the '544 patent is ineligible under Section 101.

First, Natera confirms there is no innovative advance at the supposed point of novelty in the asserted claims of Natera's '544 patent. The "determining" step covers generic math, not the concrete "algorithms solv[ing] technological problems" that Natera previously argued was patentable subject matter. D.I. 509 at 9 (Natera Rule 52 opposition). Natera now agrees that "no 'particular' math or computation is required by the claims," but rather that the patent's "determining" step can be met by "some mathematical computation" of any kind. Opp. 6. Thus, Natera now agrees with the position CareDx has consistently taken throughout the litigation: that the patent covers only generic math. *See* D.I. 250 at 1 (CareDx Motion for Summary

1

Judgment explaining that the patent is invalid because "all math is covered as the [patent's] supposed solution").[1]

The parties' now-shared understanding of the "determining" step in Natera's patent underscores the invalidity of the '544 patent. The parties agree that "no 'particular' math or computation is required," and instead "some mathematical computation" of any kind that "bring[s] everything together" is sufficient. Opp. 6-7. Accordingly, *any* kind of computation or analysis will do, including via algorithms that Natera did not create or that do not yet exist.

As this Court has explained, "claiming math in the abstract is quintessential ineligible subject matter." D.I. 402 at 10 (citing *Parker v. Flook*, 437 U.S. 584, 595 (1978) and *In re Stanford Univ.*, 991 F.3d 1245, 1251 (Fed. Cir. 2021)). And, because Natera cannot deny that the other steps in its patent claim routine laboratory techniques, adding a "determining" step that calls for nothing more than "subsequent analysis … cannot save" the '544 patent "from § 101's bar." *Id.* at 7 (citing *Genetic Technologies Ltd. v. Merial LLC.*, 818 F.3d 1369, 1380 (Fed. Cir. 2016)). Telling a scientist to do "some mathematical calculation" (Opp. 6) does not "solve[] technological problems with" applying the claim's routine techniques, as Natera has previously claimed (D.I. 509 at 9).

---

[1] CareDx disagrees that Natera has previously taken this position. *See* D.I. 538 at 9, 13-14.

2

Natera's concession that the '544 patent's "determining" step covers any kind of math or computation also highlights the identity of the '544 patent and the '724 patent that this Court invalidated. Both patents claim the same routine laboratory techniques followed by a "mental process of 'subsequent analysis.'" D.I. 402 at 7. And, while Natera continues to assert that the '544 patent is uniquely directed to a "method of preparation" (Opp. 14), Natera still cannot articulate how the patent's "preparing a preparation" language changes what the claims are directed to. Natera has failed to show that that language adds *anything* to the claims other than empty labeling. *See Alice Corp. v. CLS Bank*, 573 U.S. 208, 224 (2014) (The "directed to" inquiry depends on "substance," not "the draftsman's art."). Indeed, Natera's own emphasis on the "determining" step establishes that this is a process to make a genetic determination and not some kind of preparation.

Second, because Natera's own brief is already a part of the Court's record, and Natera has embraced the "no 'particular' math or computation'" position as its own (Opp. 6), there is no longer a need to reopen the record to include Professor Quackenbush's deposition testimony to that same effect. Natera's brief thus effectively provides CareDx the relief it sought, and enables this Court to consider Natera's position when evaluating the advisory jury verdict and the Section 101 motions. *See Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 265 F.3d 1294, 1306 (Fed. Cir. 2001) (considering admissions in briefing in ascertaining claim

3

scope); *Pharmacyclics LLC v. Alvogen Pine Brook LLC*, 556 F. Supp. 3d 377, 396 (D. Del. 2021) (Connolly, J.), *aff'd*, No. 2021-2270, 2022 WL 16943006 (Fed. Cir. Nov. 15, 2022) (considering admissions in briefing in ruling on enablement). CareDx's motion to reopen the record may therefore be denied as moot.

Third, if the Court in its discretion decides nonetheless to reopen the record, that reopening should be limited to simply adding Professor Quackenbush's complete deposition to the record. Reopening for that exceedingly limited purpose would not prejudice Natera. Natera agrees with the "no 'particular' math" position Dr. Quackenbush articulated in his deposition. And there would be no need for any additional proceedings. As to Section 101, there is no longer any dispute between the parties on the sole subject implicated by the testimony – the "determining" step. And Natera has forfeited its infringement claim against RFS. D.I. 540 (establishing forfeiture); Opp. 1 (Natera: "Natera withdrew its ongoing infringement claims"); Opp. 20 (Natera: "Natera decided not to pursue infringement claims against CareDx's RFS-AlloSure."). There is also no need for any claim construction given the parties' agreement described above regarding the scope of the claims.

## II. CONCLUSION

For the foregoing reasons, this Court should deny the motion to reopen as moot or, if it wishes, reopen the record for the limited purpose of adding Dr. Quackenbush's full testimony. In any event, this Court should grant judgment to CareDx that the '544 patent is invalid under Section 101.

Dated: November 4, 2024

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301 (Fax)
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Edward R. Reines (admitted *pro hac vice*)
Derek C. Walter (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
(650) 802-3000
edward.reines@weil.com
derek.walter@weil.com

W. Sutton Ansley (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036

        (202) 682-7000
        sutton.ansley@weil.com

*Attorneys for Defendant, CareDx, Inc.*

6

## **CERTIFICATE OF COMPLIANCE**

The foregoing document complies with the type-volume limitation of this Court's November 10, 2022 Standing Order Regarding Briefing In All Cases. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 945 words, excluding the case caption, signature block, table of contents and table of authorities.

Dated: November 4, 2024

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)